IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| TOBIAS JONES, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. CIV-13-153-RAW |
| | ) |
| KBR; and INTERNATIONAL PAPERS ETC., | ) |
| | ) |
| Defendants. | ) |

# ORDER

Before the court is the motion of the defendant Kellogg Brown & Root Services, LLC ("KBR") to dismiss or for summary judgment. Plaintiff, proceeding *pro se*, appears to bring a cause of action for negligence. The undisputed facts indicate that plaintiff was a KBR employee on April 4, 2011, when he suffered an on-the-job injury.

Summary judgment is appropriate when "there is no genuine dispute as to any material fact and . . . the movant is entitled to judgment as a matter of law." Rule 56(a) F.R.Cv.P. In making that determination, a court "view[s] the evidence and draw[s] reasonable inferences therefrom in the light most favorable to the nonmoving party." *Garrison v. Gambro, Inc.,* 428 F.3d 933, 935 (10th Cir.2005).

First, KBR notes that an injury of this type is governed by the exclusive remedy provision of Oklahoma workers' compensation law, 85 O.S. §12.[*] "Claims arising under the Act must be brought in the Workers' Compensation Court of Oklahoma." *Coshatt v.*

---

[*]This provision was repealed in 2011 and replaced by 85 O.S. §302. Indeed, §302 itself ceased being effective on February 1, 2014, and was replaced by 85A O.S. §5. These changes do not affect the case at bar.

*Canadian Valley Elec. Co-op, Inc.,* 64 Fed.Appx. 700, 702 (10th Cir.2003). The court rules in movant's favor on this argument.

Second, defendant notes that plaintiff's complaint was filed on April 5, 2013. Defendant then notes that the statute of limitations for negligence under Oklahoma law is two years. *See* 12 O.S. §95(A)(3). In a diversity case, the court applies the substantive law, including the statute of limitations, of the forum state. *See Miller v. Armstrong World Indus., Inc.,* 949 F.2d 1088, 1089 n.3 (10th Cir.1991). Defendant argues for dismissal based upon the complaint being filed one day too late.

Plaintiff has not directly responded, except to contend that his claim is actually one for disability discrimination under the ADA rather than negligence. Even if the court (under a liberal construction) interpreted the complaint in this manner, defendant correctly notes that plaintiff has failed to exhaust administrative remedies. It appears undisputed that plaintiff never filed a claim with the EEOC. The motion will be granted.

It is the order of the court that the motion for summary judgment of defendant Kellogg Brown & Root Services (#30) is hereby granted. Plaintiff's motion for summary/default judgment (#37) is denied. The court having previously dismissed defendant International Paper Company, this case shall be administratively closed.

**ORDERED THIS 5th DAY OF FEBRUARY, 2014.**

Dated this 5th day of February, 2014.

Ronald A. White
United States District Judge
Eastern District of Oklahoma